```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL WINSTON,                  :    CIVIL NO. **1:10-CV-00846**
                                  :
        Plaintiff                 :    (Judge Conner)
                                  :
    v.                            :    (Magistrate Judge Smyser)
                                  :
JUDGE SEAN J. MCLAUGHLIN and      :
MARSHAL THOMAS M. FITZGERALD,     :
                                  :
        Defendants                :

## **REPORT AND RECOMMENDATION**

On April 16, 2010, the plaintiff commenced this *Bivens*[1] action by filing a complaint. On April 21, 2010, the plaintiff filed an application to proceed *in forma pauperis.*

By a separate Order, we have granted the plaintiff's application to proceed *in forma pauperis*. We now recommend that the complaint be dismissed.

The defendants are Sean J. McLaughlin, a district judge on the United States District Court for the Western District of Pennsylvania, and Thomas M. Fitzgerald, the United States Marshal for the Western District of Pennsylvania. The

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

plaintiff complains about the progress of his cases in the United States District Court for the Western District of Pennsylvania. The plaintiff is seeking monetary damages.

28 U.S.C. §1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The plaintiff's claims concern events that occurred in the Western District of Pennsylvania. The plaintiff lists both his address and the addresses for the defendants as in the Western District of Pennsylvania.

The plaintiff has not alleged facts which would lay venue in the United States District Court for the Middle District of Pennsylvania. Venue is not proper in this court.

Venue in this case is proper in the United States District Court for the Western District of Pennsylvania. Pursuant to 28 U.S.C. § 1406, the court may transfer the case to the Western District of Pennsylvania if it be in the interest of justice to do so. Given that defendant McLaughlin is entitled to judicial immunity from the plaintiff's claims and that the plaintiff's contentions with regard to the progress of his other cases should be handled within the confines of those cases, we conclude that it would not be in the interest of justice to transfer the case.

Since venue is not proper in this district and it is not in the interest of justice to transfer the case, it is recommended that this action be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: April 23, 2010.