# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL WINSTON,** : | **CIVIL ACTION NO. 1:10-CV-0846** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **JUDGE SEAN J. MCLAUGHLIN and MARSHAL THOMAS M. FITZGERALD**, : | |
| **Defendants** : | |

## ORDER

AND NOW, this 25th day of June, 2010, upon consideration of the report (Doc. 6) of the magistrate judge, recommending that the complaint (Doc. 1) filed by plaintiff Michael Winston ("Winston") be dismissed for improper venue and for failure to state a cognizable claim, and, following an independent review of the record, it appearing that defendant Judge Sean J. McLaughlin is entitled to judicial immunity from suit, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and that defendant Marshal Thomas M. Fitzgerald's alleged refusal to serve process in a separate federal lawsuit in the Western District of Pennsylvania is a matter to be addressed before the judge presiding over that lawsuit, see Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (explaining that a district court maintains the "inherent power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"), and it further appearing that Winston has not objected to the magistrate judge's recommendation, and that there

is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 6) of the magistrate judge is ADOPTED.

2. The complaint (Doc. 1) is DISMISSED. Leave to amend is DENIED as futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2. The Clerk of Court is instructed to CLOSE this case.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.